Filed 5/3/13  In re William W. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re WILLIAM W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F065626 |
| Plaintiff and Respondent, | (Super. Ct. No. JW101780-03) |
| v. | |
| WILLIAM W., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Jon E. Stuebbe, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J., and Detjen, J.

**FACTS AND PROCEEDINGS**

On January 30, 2006, appellant, William W., waived his rights and admitted an allegation that he committed lewd and lascivious acts with a minor under 14 years old in violation of Penal Code section 288, subdivision (a).[1] Appellant was placed on probation for a period not to exceed his 21st birthday. In January 2009, a supplemental petition was filed alleging that appellant had failed in his placement in four group homes. In February 2009, appellant was committed to the Division of Juvenile Justice, Department of Juvenile Facilities (DJF).

The California Supreme Court issued its opinion in *In re C.H.* (2011) 53 Cal.4th 94, limiting commitments to DJF to offenses enumerated in Welfare and Institutions Code section 707, subdivision (b). The Legislature passed emergency legislation effective February 29, 2012, in response to the decision in *C.H.*, amending Welfare and Institutions Code sections 731 and 733 so that a minor may be committed to DJF if the offense is described in either subdivision (b) of Welfare and Institutions Code section 707 or subdivision (c) of Penal Code section 290.008.[2]

On April 12, 2012, appellant's commitment to DJF was recalled and the juvenile court placed appellant on probation. On May 7, 2012, a petition was filed pursuant to Welfare and Institutions Code section 777, alleging that appellant violated the terms of his probation by failing to follow his probation officer's instructions to stay at the Rescue

---

[1] Appellant had a prior sustained allegation filed in previous petitions pursuant to Welfare and Institutions Code section 602. Appellant committed a misdemeanor criminal threat in 2003 (Pen. Code, §§ 422 & 17).

[2] Penal Code section 290.008, subdivision (c)(3) includes a violation of any provision of Penal Code section 288. The legislature also enacted Welfare and Institutions Code section 1752.16 which permits counties to enter into agreements with DJF to house minors who have committed an offense enumerated in Penal Code section 290.008.

2

Mission until he found a permanent residence. Appellant's probation officer testified that appellant called him one night and stated that he was not sleeping in the Rescue Mission, his then reported address, but was sleeping in an alley. The probation officer had previously explained to appellant that he was to check into the Rescue Mission every evening, and appellant's call to him was not an appropriate means of notification that his address had changed. The juvenile court found that appellant violated the terms of his probation.

On July 9, 2012, the juvenile court continued appellant's probation and committed him to DJF temporarily for a term not to exceed his 21st birthday.[3] We review the appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on January 16, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The orders of the juvenile court are affirmed.

---

[3]     Appellant was born in December 1991 and turned 21 in December 2012.